Detention Order Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.

N'DAUNIS MARCY CHUPCO,

    *Defendant.*
_____/

Case No: 11-20166

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.    Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX    (1)    The government moved for detention at Defendant's first appearance pursuant to:

        XX    18 U.S.C. § 3142(f)(1).

        ___    18 U.S.C. § 3142(f)(2).

___    (2)    A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2). See part D for findings.

**B.    Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

___    (1)    Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

___    (2)    The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

__ (3) A period of less than five years has elapsed since

　　__ the date of conviction, **or**

　　__ Defendant's release from prison for the offense described in finding (B)(1).

__ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.    Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

　　__ for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

　　__ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

　　__ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

　　__ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

　　__ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

　　__ the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D.    Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__ (1) There is a serious risk that Defendant will not appear.

__ (2) There is a serious risk that Defendant will endanger the safety of another person or the community.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

<u>XX</u>    by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

___    by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

___    both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that none of the rebuttable presumptions in favor of detention have been cited, the Court will therefore consider Defendant's circumstances using the factors set forth in section 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves an assault as well as alleged threats to kill the victim if given the opportunity to do so. I find from the grand jury having returned an indictment that there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is 35 years of age, a member of the Saginaw Chippewa Indian Tribe, and that Defendant receives biweekly per capita payments. Defendant was married in 2004 and divorced in February 2011. Two children were born during the marriage. Defendant conceded to Pretrial Services that she has a lengthy history of alcohol abuse. Records of the Michigan Department of Corrections showed that Defendant attended a

residential treatment program for a month in 2001 in St. Ignes, Michigan, and that she also underwent residential treatment at another facility in Duluth, Minnesota. Pretrial Services also reports that there are indications that Defendant has abused prescription medications, and a urinalysis specimen field-tested positive for opiates.

At age 17, Defendant was found guilty of felony uttering and publishing and was sentenced under the Holmes Youthful Trainee Act to two years of supervision. However, as a result of supervision violations, the Holmes Youthful Trainee status was revoked, and she pled guilty to misdemeanor larceny. She was sentenced to one year on probation. Five months later, Defendant pled guilty to open intoxicants and to drunk and disorderly. She was sentenced to 90 days in jail and required substance abuse treatment. She was ultimately discharged from probation.

In 1995, Defendant pled guilty to attempted felonious assault and was sentenced to 90 days' confinement. This conviction resulted from Defendant assaulting a patron in a bar with a knife and threatening to kill the patron. In November 1995, at age 20, Defendant pled guilty to misdemeanor operating a motor vehicle while intoxicated, second offense, and driving while license suspended, second offense. She was given 20 days' confinement, probation and fines. As conditions of probation, Defendant was ordered to undergo a psychological evaluation and assessment as well as community service. A bench warrant was issued for failure to appear for a hearing on alleged violations of these conditions, which was followed by a second bench warrant and an order forfeiting Defendant's bond. A show cause hearing was ultimately held and Defendant received six days' incarceration for these violations. Additional probation violations were later charged and four bench warrants issued. Defendant was ultimately found in contempt of court and was sentenced to serve a short period of incarceration.

In 1996, at age 20, Defendant pled guilty to driving while license suspended and was placed on one year of probation. Within four months, Defendant was charged with another

probation violation and a bench warrant was issued for Defendant's failure to appear. She ultimately pled guilty to probation violation, her probation was extended and she served a brief period of incarceration.

In 2000, at age 24, Defendant was convicted of misdemeanor operating under the influence, second offense, and again placed on probation along with 45 days' incarceration. Five months later, while on that probation, Defendant was charged with felony arson to which she pled no contest. She was sentenced to 216 days' custody and 36 months of probation. The underlying circumstances of that offense involved a situation where Defendant was ejected from a bar, after which she climbed underneath a vehicle and tried to set that vehicle on fire. The bar had to be evacuated as a result. When police officers arrived, they asked her three times to come out from under the vehicle and she refused to comply. She was finally pulled from the vehicle and placed under arrest. In the process, she assaulted and injured a police officer. Once placed inside the police vehicle, she kicked the door of the vehicle, managing to separate the window from the door frame.

In addition to these convictions, Defendant's tribal court record shows convictions for operating under the influence, third offense, disorderly conduct, and two convictions for malicious mischief/disorderly person.

Counsel for Defendant proposes that conditions of bond can be crafted, including mandatory inpatient substance abuse, along with other restrictions. However, I note that Defendant has already completed two inpatient substance abuse programs and they have had no effect. As I weigh the facts under the Bail Reform Act, I conclude that the Defendant's extensive adult criminal history, including a number of assaultive crimes, has almost entirely taken place while she was on court-imposed probation, a factor I am required to consider under the Bail Reform Act. Thus, it is plainly obvious that Defendant is unwilling to abide by the conditions of supervision, and I see no legitimate reason to believe that this pattern of behavior

would be changed if Defendant is placed on bond in this case. Moreover, as well stated by the Second Circuit, "[w]here [as is clearly evidenced in this case] there is a strong probability that a person will commit additional crimes if released, the need to protect the community becomes sufficiently compelling that detention is, on balance, appropriate." *U.S. v. Colombo*, 777 F.2d 96, 98-99 (2d Cir. 1985). For all these reasons, I conclude that there are no conditions nor any combination of conditions I could fashion which would reasonably assure the safety of the community.  Accordingly, the government's motion to detain is **GRANTED**.

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                                              s/ *Charles E Binder*
                                              CHARLES E. BINDER
Dated: March 31, 2011                       United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and James Piazza, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: March 31, 2011          By     s/*Jean L. Broucek*
                                            Case Manager to Magistrate Judge Binder